Viles vs. Green.

---

VILES, Respondent, vs. GREEN, Administrator, Appellant.

*October 1 — October 22, 1895.*

*Lien on logs: Filing claim after debtor's death: Action against administrator: Judgment: Measure of relief: Demurrer is "answer."*

1. A laborer's lien upon logs under sec. 3329, R. S., arises at once upon the doing of the work, and is kept good by the filing of the claim within the time prescribed in sec. 3331, although such claim is not filed during the lifetime of the debtor. *Dobbs v. Enearl,* 4 Wis. 451, overruled.

2. A demurrer to the complaint is a sufficient answer, under sec. 2886, R. S., to warrant the granting of relief not demanded in the complaint, especially where the judgment was rendered on notice and in the presence of the defendant, who made no objection and took no exception thereto.

3. Under sec. 3845, R. S., in an action against the administrator of the debtor to enforce a laborer's lien on logs, there can be no personal judgment against the administrator.

APPEAL from a judgment of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Affirmed in part; reversed in part.*

This is an action to enforce a laborer's lien upon a quantity of logs, under secs. 3329 *et seq.*, S. & B. Ann. Stats. The complaint alleges that the plaintiff made a contract April 4, 1890, with one Spaulding to drive a certain quantity of logs for a stated price, and that he began the work April 14th, and completed it June 7th, of the same year, and has not been paid therefor; that Spaulding died May 6, 1890, and that the defendant is the duly appointed and acting administrator of his estate; that on June 30, 1890, the plaintiff duly filed his claim for a lien on said logs as provided by law. Judgment is demanded against the defendant for $624.30, besides interest and costs.

A general demurrer was interposed by the defendant, and overruled. No answer was served, and judgment was rendered for the plaintiff upon default, adjudging that the plaintiff recover of the defendant, as administrator, $424.71 and costs, and that the same is a lien upon the logs described in the complaint. From this judgment the defendant appealed.

The cause was submitted for the appellant on the brief of *Champ Green*, in person, and for the respondent on that of *Reed & Reed*.

To the point that an action will not lie to enforce a statutory lien unless the claim for the lien is filed during the lifetime of the debtor, appellant cited *Dobbs v. Enearl*, 4 Wis. 451; *Quimby v. Sloan*, 2 Abb. Pr. 93; *Crystal v. Flannelly*, 2 E. D. Smith, 583; Overton, Liens, § 567; Nott, Mechanics' Lien Laws, 109–111.

To the point that a demurrer is an answer within the meaning of the word as used in sec. 2886, R. S., counsel for

the respondent cited *Howell v. Howell*, 15 Wis. 55; *New Jersey v. New York*, 6 Pet. 323; *Steele v. Moss*, 69 Wis. 498; *Tarbox v. Adams Co.* 34 id. 561.

WINSLOW, J. The first contention made by appellant is that there can be no lien unless the claim for lien is filed during the lifetime of the debtor. Upon this contention, reliance is placed upon the case of *Dobbs v. Enearl*, 4 Wis. 451. Certainly that case holds, under a very similar statute, that there is no lien unless the petition is filed during the lifetime of the debtor. The conclusion seems to be based on the premise that "the lien is created by the filing of the petition." Although this case has not been directly overruled, it has been entirely discredited by the discussions in the cases of *Hall v. Hinckley*, 32 Wis. 362, and *Smith v. Shell Lake L. Co.* 68 Wis. 89. In the latter case it is distinctly held that the laborer has a statutory lien for his labor upon the logs from the time of its commencement, against all the world having actual or constructive notice of it, but not as against a *bona fide* purchaser without notice before the filing of his claim. Since the decision of this case, the question of the rights of *bona fide* purchasers has been the subject of legislation. Laws of 1889, ch. 454; S. & B. Ann. Stats. sec. 3332. We do not feel hampered or controlled, therefore, by the language used in *Dobbs v. Enearl.* It seems to us quite clear that the lien is not "created by the filing of the petition," but that it is given by the law and arises at once upon the doing of the work, but that in order to be effective it must be kept alive by the filing of a written claim within a certain time. This is the natural conclusion from the statutory provisions. The statute says, in substance (R. S. sec. 3329), that any person who shall perform any labor upon logs or timber "*shall have* a lien" upon the same. Sec. 3331 says that no debt or demand for such labor "*shall remain*" such lien unless a written claim be filed within a

Viles vs. Green.

certain time. The lien exists when the labor is performed, but a claim must be filed to keep it good and enforce it.

But it is further contended by the appellant that there can be no judgment of lien in this action, because no such relief was demanded in the complaint. R. S. sec. 2886. This section provides that the relief granted to the plaintiff, if there be no answer, cannot exceed that demanded in the complaint. It is well established in this court that for some purposes a demurrer is to be regarded as an answer. *Howell v. Howell*, 15 Wis. 55; *Steele v. Moss*, 69 Wis. 496, and cases cited. We are inclined to so construe the word "answer" as used in this section, especially as it appears that the judgment was rendered upon notice, and that the defendant was present when it was rendered and made no objection nor took any exception to the judgment. *Morris v. Peck*, 73 Wis. 482.

There is, however, an insuperable objection to that part of the judgment which adjudges a recovery against the administrator personally of the damages and costs. Under our statute (R. S. sec. 3845), this action could only be commenced and prosecuted to enforce the lien, and not to recover a personal judgment against the administrator. This part of the judgment must therefore be reversed.

*By the Court.*— That part of the judgment which provides for a personal recovery against the administrator is reversed, with costs, and in all other respects the judgment is affirmed.

MARSHALL, J., took no part.

A motion for an order relieving the respondent from costs in this court was denied January 7, 1896.