McAlpine vs. Trustees of St. Clara Female Academy and others.

McALPINE, Appellant, vs. TRUSTEES OF ST. CLARA FEMALE ACADEMY OF SINSINAWA MOUND OF THE STATE OF WISCONSIN and others, Respondents.

*November 26, 1898 — January 10, 1899.*

*Building contract: Architect's certificate: Breach of agreement to insure for benefit of builder: Liability.*

1. Where a building contract provides that the final certificate of the supervising architect shall be conclusive between the parties to it as to performance by the builder, his decision is absolutely binding in that regard unless impeached for mistake of fact or bad faith on his part.

2. If the owner agree in a building contract to insure the building from time to time as determined upon between the parties, for the interest of both, loss, if any, payable as their respective interests may appear, and there be a breach of such contract, the owner is liable to the builder in case of loss for such portion of the insurance that ought to have been effected under the contract as the interest of the builder in the structure, when the insurance should have been effected, bears to the total investment in the building.

3. The interest of the builder in the building at the time indicated is the total investment therein at his risk. The absolute interest of the owner is that part of the building accepted as completed work and at his risk, and the risk that the builder may fail to complete the contract.

4. If the owner, under a building contract, fails to insure the structure during the process of its erection for the protection of both parties as agreed upon, but insures it in his own name and for his own protection, and the building be partly constructed, then destroyed by fire, and the builder nevertheless completes his contract, the owner making some payments thereon before and some after the fire, the builder is not by reason of the facts interested in the insurance

money or entitled to hold the owner as his trustee thereof, but has a legal right to an accounting, charging the owner with one building and the damages for breach of the contract to insure, crediting such owner with payments made, whether before or after the fire.
[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action to recover an alleged amount due on a building contract and to enforce a builder's lien therefor; also to recover damages for breach of contract to insure the building for the protection of the builder during its construction. The contract price, with some extras, was $33,377.40, payable as the work progressed, less fifteen per cent., on estimates of the supervising architect, except $10,000, including the fifteen per cent., to be paid within fifteen days after the completion of the work upon the architect's final estimate and certificate of such completion. It was agreed, among other things, in the building contract, that the final certificate of the architect should be conclusive as between the parties, and that the proprietor, during the progress of the work, should effect insurance from time to time, as agreed upon, in the names of both parties; loss, if any, payable according to their respective interests.

The complaint set forth all the allegations necessary to a lien judgment. The balance claimed as due was $15,112.31, and interest thereon from October 31, 1894. The complaint was amended by adding a cause of action for damages, it being alleged, in substance, that defendants agreed to insure the building during the progress of the work for the protection of both parties according to their respective interests; that when plaintiff had wrought $26,000 into the structure, $9,500 of which had been paid, the building was totally destroyed by fire; that a few days prior to the fire it was agreed under the building contract that the defendants should take out so much insurance on the structure as

reliable insurance companies would carry; that pursuant thereto defendants obtained $15,000 of insurance, but, in breach of the' agreement to protect the builder's interest, took the insurance solely in the names of the defendant trustees, ignoring the interest of plaintiff; that plaintiff never waived the insurance provision of the building contract, and did not know of the aforesaid breach of such provision on defendants' part till after the destruction of the building by fire, which occurred eight days after the policies were issued. The damages claimed were $12,500 and interest.

There was a second amendment to the complaint, setting forth, among other things, a recovery of judgments by defendant trustees against the insurance companies for $12,500 with interest and costs, and claiming that plaintiff was entitled to have such proportion of such judgments as the amount unpaid on his contract for money wrought into the building up to the time of the fire bore to the total amount invested in the building, and that if he recovered on his cause of action for breach of the insurance provision of the building contract, the amount of such recovery should be decreed to be a lien on the insurance judgments, and that the defendants should be charged as trustees of such judgments for plaintiff.

, The defendants answered, among other things, alleging, in substance, that the $15,000 of insurance was taken out solely for their protection; that after the fire it was agreed that plaintiff, in the construction of the building, should be charged with $900 on account of a change in the plans. The answer further set forth the history of a settlement made with one of the insurance companies on a $2,500 policy for $2,179.08, and a distribution of the proceeds — $775.47 to plaintiff and $1,378.61 to defendants. It further set forth a history of efforts to recover the balance of the insurance, and counterclaimed for damages on account of defective

plastering and defective heating apparatus not discovered when the architect's final certificate was given.

The court found, in substance, all the facts requisite to a lien judgment in plaintiff's favor, and further, in substance, as follows: The contract stipulated that the architect's final certificate should be conclusive between the parties as to the quality of work and material. The building was completed in all respects according to contract, and to the approval of the supervising architect, more than five days before the action was commenced, according to such architect's final estimate and certificate. "The trustees accepted the work subject to deductions named in the findings for defective work." Waiving offsets, the amount due, with interest to May 26, 1894, is $17,526.57. It cost defendants, with interest, $397.06 to remedy defects in the plastering, and $293.86 to remedy defects in the heating apparatus not discovered when the architect's final certificate was given. Plaintiff, in constructing the building, had the benefit, including interest, of $2,218.09, property of the defendants, consisting of salvage from the building destroyed by fire, as hereafter stated. Plaintiff commenced the construction of the building under the contract soon after it was made, and when the foundation was completed the work up to that point was accepted by the trustees, the sum of $3,500 paid therefor, and the work by agreement suspended for some time. Later the work was resumed, and when, with the foundation, plaintiff had incorporated therein the sum of $26,000, and received thereon, with the $3,500, $9,500, it was destroyed by fire. After the fire plaintiff went on with his contract, agreeing to reduce the price $900 on account of an agreed change in the plans. With the $900 above mentioned, and $316 chargeable to plaintiff by agreement for some omissions, there was paid to him on the contract after the fire, during the progress of the work, and within a short time after the due date for final payment, October 31, 1894,

$18,263.12. When plaintiff had expended $22,000 in constructing the first building, and received the $9,500, mentioned, thereon, the parties agreed that defendant trustees should take out insurance under the building contract for the protection of both parties, for such an amount as could be procured of reliable insurance companies. Thereupon defendants secured $15,000 of insurance, but in breach of the building contract took the same solely in the names of the trustees, wholly ignoring plaintiff's interests, which fact was not known to plaintiff till after the building was destroyed. Plaintiff never waived his rights under the insurance clause of the contract. The court further found the facts as alleged in regard to the settlement with one of the insurance companies and distribution of the proceeds, and that thereafter recovery was had by defendants on the other policies for $12,500 with interest from April 17, 1894.

On such findings of fact the court decided that defendants were entitled to offset against the sum due plaintiff on the contract the expenditures mentioned for defective plastering and heating, with interest thereon, and the salvage belonging to defendant trustees, used by plaintiff, leaving a balance of $15,308.48, for which he was entitled to a lien judgment. The court further decided, in substance, that the insurance judgments should be apportioned so as to give $4,583.33 thereof, with interest from April 17, 1894, making $5,690.20, to plaintiff, and the balance to defendants, and that said $4,583.33 and interest should be decreed to be a lien on the insurance judgments, and defendant trustees trustee of such judgments to that extent for plaintiff. Judgment was rendered in accordance with such conclusions, and plaintiff appealed.

*A. G. Zimmerman*, attorney, and *Burr W. Jones*, of counsel, for the appellant.

For the respondents there was a brief by *Bashford, Aylward & Spensley*, and oral argument by *R. M. Bashford*.

MARSHALL, J.   This appeal comes up without a bill of exceptions and presents only the question of whether the trial court applied the law correctly to the facts found.

The decision below is challenged on various grounds, one of which is that defendants were not entitled to the offsets allowed for defective plastering and defective heating apparatus.   As appears from the statement of facts, the building contract provided that the final certificate of the supervising architect should be conclusive between the parties as to material and quality of work, and he approved the work and certified to its full completion according to the contract more than five days before the commencement of the action.   That was the sole requisite to final payment mentioned in the building contract.   True, the finding also states that the building was accepted subject to deductions for imperfect work, but it clearly appears that the conditional acceptance mentioned was a mere conclusion of the trial court from the defects not having been discovered till after the final certificate was given, and not because of any stipulation or understanding between the parties as to a conditional acceptance.   It is expressly found that the defects in the heating apparatus were unknown when the building was accepted, and the same is fairly inferable from the finding as to the defective plastering; and in connection with the allegations of the answer stating that such was the fact, the findings, on the whole, are very clear to the effect that the final certificate covered the completed building without reservation, and was conclusive on the subject of the quality of the work and material, leaving nothing open for future adjustment between the parties.   That the decision of the supervising architect under such circumstances, unless impeached for mistake or want of good faith on his part in accepting the work, is absolutely binding in law upon the parties, does not admit of question.   The rule in that regard is inflexible and without exception.   *Tetz v. Butterfield*, 54

Wis. 242; *Pormann v. Walsh,* 97 Wis. 356; *Hudson v. Mc-Cartney,* 33 Wis. 331; *Laycock v. Moon,* 97 Wis. 59. No fact appears in the decision of the trial court impeaching the good faith of the architect, nor any fact justifying a failure to give legal effect to his decision. The mere suggestion in the findings that the trouble with the work was not discovered till after the final certificate was given rather proves good faith than' the contrary. It does not show, or tend to show, mistake, unless it be mistake of judgment, and that never justifies going behind the decision of an arbiter. The fact that the architect certified to the work before time had elapsed for properly testing it, and without reservation on that account, also goes to his judgment, not to mistake of fact or bad faith. So the case, as settled by the findings of fact made by the learned trial court, appears to be barren of any suggestion warranting an allowance to defendants of offsets for defective work.

It is further contended by the learned counsel for appellant, that the allowance to defendant trustees on account of salvage on the old building of $1,826.85, and interest, making in all $2,218.09, was without warrant in the facts found. A careful study of the case fails to show any foundation for that decision. It discloses only that after the destruction of the first building the wreck remaining was of value in subsequent operations, and that plaintiff went on with his contract, as he was legally bound to do, and completed it without change, except as to some modification of the plans, for which it was agreed the price should be reduced $900. There was no counterclaim or offset for salvage pleaded, nor was any agreement claimed in the pleadings or found by the court to the effect that salvage should be allowed to the trustees. That demand should not have entered into the final result in the court's legal conclusions.

The next and most important assignment of error is that the court erred in not awarding plaintiff damages for breach

of the insurance clause of the contract, instead of charging defendant trustees as liable to account to plaintiff for an equitable proportion of the insurance judgments. If the judgment is erroneous as to form in that regard, as claimed, and we think it is, and that be its only defect, it does not constitute reversible error on this appeal, as the complaint shows that the plaintiff's counsel asked for a judgment in the form of which they now complain.

We have studied the case in vain to discover what principle of law moved the trial court to dispose of the subject of plaintiff's claim for damages as was done. There was pleaded a good cause of action for damages for breach of contract. That cause of action appears to have been established by evidence, as the facts are all found calling for recovery on the legal claim substantially as pleaded, the damages to be measured by the loss which resulted to plaintiff directly and naturally by the breach of the insurance clause of the contract. The insurance taken out by the defendant trustees cuts no figure in the case whatever, as appears to us, except as mere evidence of the amount of insurance which might and ought to have been taken out in the names of both parties, loss payable, if any, according to their respective interests. There was a plain breach of that portion of the building contract, and no circumstance appears constituting the defendant trustees trustee for plaintiff of the insurance judgments. It was agreed before the insurance policies were taken out that the trustees should procure so much insurance on the building to protect both parties to the contract, as reliable insurance companies would carry. That amount, as demonstrated by what afterwards occurred, was $15,000. So plaintiff's damages were such part of $15,000 as his interest in the building bore to the whole amount invested therein when the policies of insurance were obtained.

The relative rights of the parties to participate in any loss

recoverable on insurance policies, such as were contemplated by the contract, were fixed at the time the insurance ought to have been taken out, which was when the insurance was in fact effected in the names of the defendant trustees. The contract did not contemplate open policies, but did contemplate insurance from time to time; so the respective interests of the parties in the building when the breach of contract took place, resulting in the loss complained of, furnishes the proper data for determining plaintiff's damages. His interest at that time, according to the findings, was $22,000, the amount then invested in the building, less $3,500 for work fully completed, accepted, and at the risk of the owners. The interest of the owners was $3,500. The finding of the learned trial court as to the latter being $9,500 is a mere conclusion of law and appears to be clearly erroneous. It was based upon the fact that the trustees had paid $9,500 upon the building contract, without a finding that the structure had been accepted and was at their risk to that amount. The finding is that when the foundation was done it was accepted and paid for at the sum of $3,500 as completed work under the contract, and that the work on the building was then discontinued for a time. After such acceptance the basement was clearly at the risk of the owner, but all the balance of the building, notwithstanding any payments thereon, was at the risk of the builder. The trustees had no insurable interest therein whatever, except as mere security for the fulfillment of plaintiff's obligation to restore the building in case of damage to or destruction thereof during its construction. So the damages to plaintiff were clearly, as indicated, such part of $15,000 as $18,500 is of $22,000, or $12,613.30, with interest thereon from the time the insurance would have been recovered by plaintiff if it had been taken out according to the contract, which appears to be April 17, 1894.

True, one of the policies was settled at a discount, and

plaintiff received $775.47 of the proceeds, but there is nothing in the findings showing that he agreed to rebate his damages for nonfulfillment of the insurance clause of the contract in making that settlement and receiving such money. It pretty clearly appears that the rebate was because of salvage in the foundation, which was at the risk of defendant trustees, as before stated. Whatever sum plaintiff expended in repairing the foundation after the fire might probably have been recovered by him had he made, in a proper way, a claim therefor, but that is not here.

The case then is reduced to this: Defendant trustees were entitled to a complete building for the contract price of $33,377.40, less $900 agreed upon on account of a change in the plans after the fire, and $316 agreed upon for omissions. They were also liable to plaintiff for $12,613.30 damages for breach of the insurance clause of the building contract and interest thereon, as before indicated, and were entitled to credit for all payments made. The account should be stated, in order to divide the lienable from the nonlienable claims, thus:

| | | |
|---|---:|---:|
| One building ................................................ | | $33,377 40 |
| Paid before the fire ........................... | $9,500 00 | |
| Paid after the fire, including deductions .......... | 18,263 12 | |
| Paid out of insurance money ........ ............ | 775 47 | |
| | | 28,538 59 |
| Balance due without interest ............................ | | $4,838 81 |
| Interest to date of finding ................................ | | 1,036 50 |
| Total due on the contract at date of findings ................ | | $5,875 31 |
| Damages ...................................... | $12,613 30 | |
| Interest thereon from April 17, 1894 .............. | 3,045 64 | |
| Total damage claim ........................................ | | $15,658 94 |
| Total due on both causes of action .......................... | | $21,534 25 |

That increases the amount awarded by the trial court to plaintiff on account of his claim for damages $9,966.74, and decreases the amount found due on the lienable claim $9,432.17,

McAlpine vs. Trustees of St. Clara Female Academy and others.

the total amount exceeding the amount awarded by the trial court $536.57. This result is reached, it is considered, by applying to the facts such familiar legal principles that any extended discussion of them is unnecessary. It merely recognizes the indisputable proposition that defendant trustees were entitled to one building for the contract price agreed upon, except in so far as it was varied by subsequent agreements; that they were liable for damages for breach of the contract to insure the building during its construction for the benefit of the builder to the extent of such proportionate share of the insurance that ought to have been taken out for the benefit of both parties, as the interest of the plaintiff in the building bore to the whole investment therein at the time such insurance should have been effected; that plaintiff's interest included the entire investment which was at his risk at the date of the insurance, being all above the foundation; that defendant trustees were entitled to credit for all payments made upon the contract before as well as after the fire, and chargeable with interest on the balance due on the contract from the time it was payable, October 31, 1894, and chargeable with interest on the damage claim from the time the insurance would have been due and payable if it had been taken out as agreed upon.

We are conscious that the conclusion we have reached enables the trustees to profit somewhat out of the insurance policies, but the legal principles applicable to the facts are not varied thereby. No particular significance is attached to the tabulations of figures made by the learned counsel for appellant, showing that the decision of the trial court gave the defendants a substantial profit from the insurance, or that the decision here results the same way but in a less degree. If that comes from charging the trustees with one building at the contract price, and full damages for their breach of the contract to insure the structure during the progress of the work for plaintiff's benefit, and crediting

them with the payments made, and agreed deductions from the contract price, there is no legal or equitable ground upon which plaintiff can complain. The apparent profit evidently grows out of plaintiff's not receiving compensation for repairing the damaged foundation, which was never apparently claimed, and out of the further fact that, to some extent, indemnity which the trustees rightfully received through plaintiff's obligation to restore the building after the fire was again awarded from the insurance companies. If there be a wrong in that, it is one for which the court is not responsible, and from which plaintiff has no legal or equitable right to profit.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment in accordance with this opinion, adding interest to the sums plaintiff was entitled to, down to the date of such judgment.