## DIEHL v. SCHMALACKER.

(Supreme Court, Appellate Term. February 23, 1900.)

1. CONTRACTS—BUILDING CONTRACT—CERTIFICATE OF ARCHITECT—WAIVER.

Failure of defendant to employ an architect to supervise the construction of his building is a waiver of a stipulation in the contract that the work should be done agreeably to the plans and specifications, to the satisfaction of the architect, "to be testified by a writing or certificate under the hand of said architect."

2. SAME—WAIVER OF DEFECT IN PERFORMANCE.

Where the party for whom a building was being constructed saw, during the progress of the work, that all the specifications in the contract were not being complied with, and paid all but $100 of the contract price, and, after the completion of the work, promised to pay the balance as soon as he was able, he waived the defects in the construction of the building.

Appeal from municipal court, borough of the Bronx, Second district.

Action by John Diehl against Bernard Schmalacker. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is the opinion of the court below (TIERNEY, J.):

This action was commenced in the late district court of the city of New York for the Tenth judicial district, which has been superseded by this court. It was originally tried before Mr. Justice McCREA and a jury, and resulted in a verdict for the plaintiff, but the judgment was reversed on appeal and a new trial ordered. On such trial before me the case was submitted on the testimony taken on the previous trial, with the addition of new testimony of Michael J. Garvin. The action was brought for the balance claimed to be due on a written contract for the construction of the mason work of three buildings, which provided that this work should be done "agreeably to the plans and specifications made by Michael J. Garvin, to the satisfaction and under the direction of the said architect, to be testified by a writing or certificate under the hand of said architect." On the former trial the architect was not called, and no explanation whatever was given for the failure of the plaintiff to produce a certificate, and the supreme court for that reason reversed the judgment. See opinion of MacLean, J., filed March 21, 1899. 57 N. Y. Supp. 244. On the present trial the architect, Michael J. Garvin, was called, and testified that he was employed only to draw the plans and specifications; that he did not supervise the construction of the building, and had nothing to do with it after supplying the plans and specifications; that, if he were asked or required to furnish a certificate, he could not do so, because he had no supervision over the construction of the buildings. The defendant's failure to employ Garvin, so as to make it possible for him to furnish a certificate, was a waiver by the defendant of the requirement of such certificate, and this further evidence meets the defect in the plaintiff's case pointed out in the opinion of reversal.

Upon the trial there was also a contention as to certain defects in the construction of the work which the plaintiff had contracted to do. I think, however, that whatever departures there might have been from a strict performance of the contract were waived by the defendant, or accepted as a substantial compliance. He saw the work in progress, and had noticed these matters during the construction, and yet has voluntarily paid all but $100 of the $3,000 contract price, and, after the plaintiff had left the work entirely, promised to pay the balance of $100, giving as an excuse for his inability to have done so before that he was short of money. Nine hundred dollars of the contract price was paid three months after plaintiff had left the work claiming to have finished.

Regarding the counterclaims interposed by the defendant, the only one that has any apparent basis is that for $25, which he says he paid for cleaning up the house. The evidence on this point does not establish to my satisfaction that this money was paid for work to be done by the plaintiff. It appeared

that, after the plaintiff left the work, carpenters came in and made considerable dirt. The plaintiff has established his cause of action, and judgment is given for the sum of $100.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

William Henry Knox, for appellant.
J. C. Julius Langbein, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below.

---

BEND et al. v. HOFFMAN HOUSE OF NEW YORK.

(Supreme Court. Appellate Term. March 5, 1900.)

1. LANDLORD AND TENANT—AGREEMENT—FAILURE OF PROOF.

　　In an action on an agreement, made as part of the consideration for a lease, that the lessee should pay the water rents, plaintiffs sought to show that such agreement was made with N., the lessor's attorney, and alleged ownership of the claim. Defendant's agent, when asked by plaintiffs' attorney on the trial if he saw N., the agent of the owners, in regard to the lease, said that he did; but who the owners were did not appear. *Held*, that there was a failure to prove plaintiffs' ownership of the claim under the agreement, the lease having been executed by the lessor alone, as party of the first part.

2. SAME.

　　In an action on a lease, the will of the former owner of the premises was introduced in evidence to show that he had devised the premises to plaintiffs. The will named certain persons as devisees, but there was nothing to show that they were the persons named as plaintiffs. *Held*, that plaintiffs failed to prove any title to the claim sued on under the will.

　　MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Elizabeth A. Bend and others against the Hoffman House of New York. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Adams & Douras, for appellants.
Turner, McClure & Rolston, for respondent.

FREEDMAN, P. J. The plaintiffs in this action appeal from a judgment in favor of the defendant for costs, rendered after a trial of the issues by the court, without a jury. The action was brought to recover the sum of $239.96, being the amount assessed for Croton water rents upon certain premises for the years 1882 and 1886, leased to one Edward S. Stokes, which water rents Stokes, by the terms of such lease, had covenanted to pay. The plaintiffs' right to recover of the defendant herein rests upon the claim made by them that in 1894, at the time of the making and execution of a