MINDEMAN and others, Respondents, vs. DOUVILLE, imp.,.
Appellant.

*December 2 — December 17, 1901.*

*Building contracts: Architect's certificate, when necessary.*

Although the architect's certificate of completion is ordinarily an
essential prerequisite to recovery by the builder if his contract
so provides, the absence of such certificate will not defeat such
recovery where there has been full performance of the contract
and the failure to produce the certificate is due to acts of the
owner rendering that step impossible.

APPEAL from an order of the superior court of Milwaukee
county: J. C. LUDWIG, Judge. *Affirmed.*

Appeal by defendant *Eugene E. Douville* from order over-
ruling his demurrer to the complaint. The complaint is
for the enforcement of mechanics' liens, and alleges liability
for balance of contract price upon two written contracts
for different portions of defendants' building. The con-
tracts are not set out in full, but the portion of the complaint.
which leads to the demurrer is the following:

" That the plaintiff has fully performed all the conditions.
precedent of said contract on his part to be done and per-
formed, except the obtaining of architects' certificates or

SUPREME COURT OF WISCONSIN.   [Dec.

estimates for the amount due; that he has demanded the said certificates from Kyrle S. Evans, the architect named in said contract, but the said Kyrle S. Evans has refused to give said certificates to the plaintiff *George Mindeman*, and that the reason of such refusal, the plaintiff is informed and believes, is that the said Kyrle S. Evans has not been employed by the said *Eugene E. Douville* to issue estimates upon the said building, and has been instructed by the said defendant *Eugene E. Douville* not to issue estimates upon the said building for any amount whatever, and has been prevented by the said defendant *Eugene E. Douville* from issuing the said certificates."

The cause was submitted for the appellant on the brief of *C. A. Koeffler, Jr.,* and for the respondents on that of *Charles J. Weaver.*

Dodge, J.   That the architect's certificate of completion is an essential prerequisite to recovery by the builder, if his contract so provides, is most firmly settled in this state (*Hudson v. McCartney,* 33 Wis. 331; *Boden v. Maher,* 95 Wis. 65; *McAlpine v. Trustees of St. Clara F. Academy,* 101 Wis. 468; *John Pritzlaff H. Co. v. Berghoefer,* 103 Wis. 359, 364; *Coorsen v. Ziehl,* 103 Wis. 381; *Consolidated W. P. Co. v. Nash,* 109 Wis. 490); but that there may be excuses for the nonperformance of that prerequisite is equally well established by several of the cases above cited. Such excuse may arise from the misconduct of the architect, as defined in those cases, but more obviously and certainly from conduct of the other party to the contract either waiving or preventing the obtaining of such certificate. *Hudson v. McCartney, supra; Wendt v. Vogel,* 87 Wis. 462, 466; *Wambold v. Gehring,* 109 Wis. 122; *Diehl v. Schmalacker,* 62 N. Y. Supp. 1080; *Fitts & Co. v. Reinhart,* 102 Iowa, 311; *McDonald v. Patterson & Co.* 186 Ill. 381.   To hold otherwise would be to judicially sanction fraud of the most effective character. The complaint here clearly alleges full performance of the contract, and that the failure to produce the architect's cer-

tificate is due to acts of the defendants rendering that step impossible. This alleges sufficient excuse, and the absence of such certificate does not defeat the cause of action, otherwise sufficiently stated in the complaint. The demurrer was properly overruled.

*By the Court.*— Order appealed from is affirmed.