Vogt, Respondent, vs. Hecker, Appellant.

*May 14—May 29, 1903.*

*Entire building contract: Partial performance: Rebuilding after destruction: Damages: Costs.*

1. Plaintiff contracted to construct a barn of prescribed dimensions, for a lump sum, upon a foundation and out of materials to be furnished by the owner, and, after the building was partially erected, it was destroyed by a storm. *Held,* that plaintiff could not recover for work done on the destroyed building, on the ground that performance of his contract had been rendered impossible.

2. In such case, plaintiff cannot recover on the ground that when parties contract for the doing of some act with reference to an existing thing, to the performance of which the continued existence of the thing is essential, they impliedly agree that such continued existence shall be a condition of the contract duty.

3. In such case, the plaintiff cannot recover on the ground that the entire contract price for the building did not include the lumber and other materials, unless there was some breach of duty in respect thereto.

4. Where an appellant made no offer in the trial court to allow judgment against him for a conceded sum, he cannot complain of the allowance of costs against him in that court.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Modified and affirmed.*

Plaintiff orally agreed with defendant *Carl Hecker* to erect for him a barn of prescribed dimensions and construction, upon a foundation and out of materials to be furnished by Hecker, for the sum of $125. The foundation and materials were provided, and plaintiff proceeded with the contract so far as to have raised the barn and partly inclosed the upper story, so as to be ready for the receipt of hay, when, by an extraordinarily violent storm, the structure was substantially blown down and destroyed, leaving only a few uprights standing, which, however, had to be taken down, in order that the sills might be straightened and replaced upon the foundation. The parties had some negotiation looking to the replacement of the building in its condition when destroyed, and a division between them of the expense of so doing; but, as the court finds, no agreement was reached. The plaintiff went on and rebuilt the barn substantially according to original specifications, except as to time. He brought this suit, alleging merely the erection of the barn, and an agreement to pay therefor $211.32, for which he claimed judgment and lien. The court allowed judgment as follows: The value of erecting the barn, as measured by the price stipulated in the contract, $125; the value of the work of rebuilding it to the

point where the work had progressed before the storm, $65.15; extras for granary, $10; from which he deducted $10 for certain omissions; total $190.15, plus interest and costs— from which judgment the said defendant *Hecker* appeals.

For the appellant there was a brief by *Schmitz & Burke,* and oral argument by *E. S. Schmitz.*

For the respondent there was a brief by *Nash & Nash,* and oral argument by *A. L. Nash.*

Dodge, J.     The rule is a legal commonplace that he who contracts to perform an entire work at an entire price can re-cover no compensation without completion of the work, al-though it become unexpectedly difficult, or even impossible, without fault of the other party.     *Cook v. McCabe,* 53 Wis. 250, 10 N. W. 507; *McDonald v. Bryant,* 73 Wis. 20, 26, 40 N. W. 665; *Goodman v. Baerlocher,* 88 Wis. 287, 291, 60 N. W. 415; *Williams v. Thrall,* 101 Wis. 337, 341, 76 N. W. 599; *McAlpine v. St. Clara Female Academy,* 101 Wis. 468, 474, 78 N. W. 173; *Adams v. Nichols,* 19 Pick. 275; *School Dist. v. Dauchy,* 25 Conn. 530; *Tompkins v. Dudley,* 25 N. Y. 272.     This rule would seem, upon first impression, to conclude the rights of the parties before us, for plaintiff's con-tract was entire to build a barn of the prescribed dimensions, which he finally did.     Defendant makes no objection to pay-ing the contract price.     Why should he pay more?     He got nothing but that which plaintiff had bound himself to fur-nish for the agreed price of $125.     As answer to that query, plaintiff contends that the original contract was terminated when, by *vis major,* without fault of either party, the partially completed barn was destroyed, whereby, as he urges, the con-tract to build that barn became impossible.     In this last sug-gestion lurks a fallacy.     It was not that barn of which the *framework* was blown down, nor indeed, any particular barn, which plaintiff had contracted to build, but a barn of speci-fied description.     That such contract was not rendered im-

possible, except as to the time of completion, is conclusively shown by the event, for a barn such as stipulated was built. At most, the storm made necessary the doing of considerably more work to accomplish the agreed result than would otherwise have been necessary. In pursuance of the same line of thought, plaintiff invokes a rule well recognized—that when parties contract for the doing of some act with reference to an existing thing, to the performance of which the continued existence of the thing is essential, they impliedly agree that such continued existence shall be a condition of the contract duty. This rule has been applied, for example, to agreements to sell specific property; to do work *upon* a specified building or a chattel. *Cook v. McCabe,* 53 Wis. 250, 10 N. W. 507; *McMillan v. Fox,* 90 Wis. 173, 62 N. W. 1052; *Wunderlich v. Palatine F. Ins. Co.* 104 Wis. 395, 405, 80 N. W. 471; *Clery v. Sohier,* 120 Mass. 210; *Butterfield v. Byron,* 153 Mass. 517, 27 N. E. 667; *S. C.,* with note, 12 L. R. A. 571. This distinction is, of course, obvious between two contracts—one, to do work upon a thing which exists, or for the creation of which another is responsible; the other, to fully create and bring into existence that for which the contract price is to be paid. A simple illustration of the first type is *Cleary v. Sohier, supra,* where the contract was to do the lathing and plastering upon a specified building, perhaps not existent when contract was made, but which others than the plasterer were to bring into existence. More complex and extreme illustrations, though involving exactly the same principle, are presented in *Cook v. McCabe* and *Butterfield v. Byron, supra.* There the contractor was to do a much larger and more integral part of the work of bringing buildings into existence. In the *Cook Case* he was to construct all the masonry part, the owner or other contractors constructing the rest as the masonry work proceeded, while in *Butterfield v. Byron* the plaintiff was to do all the other part of the building work, except the masonry and plumbing and painting.

In neither case was it possible for the building to exist so that the contractor could perform his work without the doing of the work of the others; hence it was very properly held in those cases that the contracts were merely to do work upon buildings belonging to the other party, and not to create such buildings. The case at bar is wholly distinguishable from those cases, for here, the defendant having provided the ground and foundation, the plaintiff bound himself to build the barn. That upon which he was to do his work was the defendant's land and foundation. Had that been engulfed by an earthquake or swept away in a landslide, the parties would perhaps have been brought within the rule now invoked by respondent.

The mere fact that the lumber and materials are not included in the price of the entire contract to build the building, but are to be purchased and paid for in addition, is not sufficient to absolve plaintiff from his contract duty to complete and deliver the barn before he earns any part of the contract price, unless, indeed, there be some breach of the duty to supply such material, of which nothing exists in this case. True, the fact that the owner was to furnish some of the materials for the masonry is mentioned as a circumstance in support of the conclusion reached in *Cook v. McCabe, supra;* but it was not a controlling, nor, indeed, a very important, one. The fact that the owner was to build part of the building to which the masonry was to be added by the plaintiff was sufficient of itself to warrant the decision, and was not substantially aided by the furnishing of lime and sand to be used by the mason.

From the views thus stated, no conclusion is possible, except that plaintiff can recover nothing specifically for the work done prior to the destruction of the building, on the assumption that the original contract then became terminated; nor, upon the theory that it continued, can he recover for the additional expense and labor imposed by reason of the storm.

This renders immaterial the argument urged by respondent—that after the storm the parties agreed that plaintiff should go on and build the barn. Nothing is found by the court of an agreement as to any new terms of payment, and it is found that the reasonable value of the work of building was $125, the same as the contract price; hence, if this finding is construed as declaring a new contract upon a *quantum meruit*, the amount recoverable thereon is only that sum. There is no finding of any agreement to pay for the futile work done prior to the storm. Upon any theory, therefore, the plaintiff could recover only $125 and interest. That amounted at the date of the judgment to $126.07, all excess above which sum awarded by the judgment is erroneous and must be eliminated. Defendant made no offer in the trial court to allow judgment for that amount, and is therefore in no position to complain, as he does, of the allowance of costs against him there.

*By the Court.*—The judgment is modified by reducing the indebtedness adjudged to one hundred twenty-six and 7-100 dollars ($126.07), and the total to two hundred eighteen and 68-100 dollars ($218.68), and, as so modified, is affirmed; appellant to recover costs in this court.