Esslinger, Adm'r, etc., vs. Huebner and wife.

=========

ESSLINGER, Adm'r, etc., vs. HUEBNER and wife.

1. As between the material-man and the owner of the building, the former has a lien for materials sold to the latter with the understanding that they were to be used in erecting the building, although the latter made a different disposition of them, and procured materials for the building elsewhere.

2. What rule would obtain as between different material-men, where both had sold on the credit of the building, the materials of one being used in its erection and those of the other not, is not here determined.

3. Where materials are sold generally to a person on account, without any reference to the use to be made of them, the vendor has no lien on a building which is the separate property of the vendee's wife, because they have been used in its erection.

4. How it might be in such case, if the purchaser used the materials in his *own* building, not determined.

APPEAL from the Circuit Court for *Brown* County. Action against *Frederick W. Huebner* and *Juliana,* his wife,

to enforce a lien for the price of a quantity of lime alleged to have been furnished by the plaintiff's intestate for the erection of a brick building on premises owned by the wife as her separate estate. There was some evidence tending to show that *F. W. Huebner* dealt in lime. The circuit judge instructed the jury, that if there was an understanding between the parties that the lime was to be used in the erection of the building referred to in the pleadings, and it was furnished by plaintiff's intestate for that purpose, he was entitled to a lien, whether in fact it was so used or not; and also (being the third instruction asked by the plaintiff), that should the jury find that the contract for lime was made by the plaintiff with *F. W. Huebner*, yet if the lime came to the use of the defendant *Juliana Huebner*, in said building, the plaintiff was entitled to a lien. Judgment for the plaintiff; and defendants appealed.

*E. H. Ellis & Hastings* and *J. D. Markham,* for appellants, to the point that materials must be actually used in the building, to give the lien, cited 30 Conn., 472; 33 Me., 144; 42 id., 77; 18 Ill., 318; 13 Gray, 129; 8 Iowa, 419; 5 Cal., 240; 2 id., 90; 1 Wis., 392; 2 id., 79; 15 id., 503.

*Gregory & Pinney, contra,* on same point cited 2 Browne, (Pa.), 104; 2 Serg. & R., 170; 12 id., 303; 10 Barr, 413.

PAINE J.   The question of the most general interest presented by the case is, whether, where a material-man had sold materials for the erection of a building, with the understanding that they were to be used in its erection, he would be entitled to the lien given by the statute, in case the purchaser should make some other disposition of them, and procure materials for the building elsewhere. The court below held that he would. And, as between the material-man and the owner, I think the ruling was correct. It was the plain intent of the statute to allow mate-

rial-men to furnish materials on the credit of the building to be erected. And if the owner, after procuring them on that credit, could, by disposing of them for money and then procuring other materials, either with that money or otherwise, defeat the lien, it would operate as an evasion of the statute and a fraud on the material-man. Undoubtedly questions of equity might arise between different material-men, where both had sold on the credit of the building, the materials of one being used in its erection, and those of the other not, which might require the interposition of a court of equity. But it will be sufficient to settle the principles applicable in such a case when it shall arise.

But, without examining the other points made, I think the judgment should be reversed for error in giving the third instruction asked by the plaintiff's counsel. The building was the separate property of *Juliana Huebner.* There was some evidence tending to show that *F. W. Huebner,* her husband, dealt in lime. He testified that he had sold to thirty or forty different persons lime which he had bought of the plaintiff's intestate. The third instruction asked by the plaintiff was as follows: "That should the jury find that the contract for lime was made by the plaintiff with *F. W. Huebner,* yet if the lime came to the use of the defendant *Juliana Huebner,* in said building, the plaintiff is entitled to a lien." The plain meaning of this is, that although the lime was sold generally to *F. W. Huebner* on account, and without any reference to this or any other building, yet, if he allowed any portion of it to be used in his wife's building, that would give the lien. This is not the law. How it might be in such a case if the purchaser used the material in his own building, it is not necessary to inquire. But it seems clear that one who sells materials to another generally, without reference to any building, cannot follow them with a lien into the buildings

of other parties to whom the purchaser may transfer them. And it would make no difference that they were used upon the separate property of the purchaser's wife. As the evidence fairly raised the question whether some portion, at least, of the lime was not sold to *F. W. Huebner* generally, on account, without any reference to the building, and as the instruction as applicable to such evidence was erroneous, the judgment must be reversed, with costs, and the cause remanded for a new trial.

*By the Court.*—Ordered accordingly.