# CASES DETERMINED

## *August Term, 1897.*

---

BROWN & HAYWOOD COMPANY, Respondent, vs. TRANE and wife, imp., Appellants.

*November 17 — December 10, 1897.*

*Lien of subcontractor: Notice to owner.*

The plaintiff, as subcontractor, furnished glass for a building to the principal contractor, who used it in the building, but discovering that a portion of it was defective notified the plaintiff, who thereupon shipped new glass to replace that which was defective. Such new glass was received at the railroad depot agreed upon as the place for delivery, but was left there and never used in the building. The plaintiff gave to the owner of the building written notice of his claim for a lien within sixty days after the second shipment, but not until more than sixty days after the first glass was used in the building, and not until after such owner had settled with and paid the principal contractor. *Held,* that the right to a lien under sec. 3315, R. S., was lost by such delay in giving the required notice.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

The defendant Gross, as principal contractor, entered into a contract May 25, 1895, with the defendant *James A. Trane,* to erect and construct for him, at La Crosse, Wisconsin, a brick building, and to furnish all labor and materials in and about the erection and construction thereof. Afterwards the plaintiff, a manufacturer and dealer in plate glass, entered

into a contract with Gross to furnish, on board the cars at La Crosse, Wisconsin, all the plate glass for said building, at the agreed price of $357.46, and did furnish and deliver the required quantity of glass October 11, 1895, which by that date was used in the said building.  Soon after the setting and placing of this glass in the building, the defendants discovered that two of the large plates were defective, and the plaintiff was thereupon notified that they could not be used. The plaintiff tried to remove the defects in said glass, and as late as November 12, 1895, furnished materials which were used for the purpose of removing the stains therefrom. The plaintiff's agent met the defendants *Trane* and Gross at the building in the early part of November, 1895, at which time *Trane* notified the plaintiff that he would not pay for the glass until there was new glass furnished to complete the plaintiff's contract.   December 10, 1895, the defendant Gross wrote the plaintiff: "We can do nothing with the spots in the plate. I have tried everything without success. Before you make draft for glass, kindly have this fixed up." Thereupon plaintiff shipped two new plates, for the purpose of replacing the defective ones, which were received at La Crosse, December 18, 1895.   The new plates were received by the principal contractor, Fred A. Gross, at one of the freight depots at La Crosse, Wisconsin, where plaintiff contracted and agreed to deliver said glass, December 18, 1895, where they have ever since remained.   The plaintiff gave written notice of its claim and right of lien against the building and premises January 11, 1896; and this action was brought by the plaintiff, as subcontractor of the defendant Gross,.to foreclose a lien for said glass against the real estate and building of the defendant *James A. Trane*, the owner thereof; and the question is as to the right of the plaintiff to maintain and enforce a lien against said building and real estate for said materials, it having neglected "to give notice in writing to the owner" within sixty days after furnishing

such material. Plaintiff had judgment in the circuit court for the value of the glass furnished, with the usual order or decree of sale, from which the defendants appealed.

For the appellants there was a brief by *Fruit & Brindley*, and oral argument by *J. J. Fruit*.

*George H. Gordon*, for the respondent, argued, *inter alia*, that, the plaintiff having furnished materials to be used in the building, and it not being its fault that they were not used therein, it was entitled to the lien given by statute. *Esslinger v. Huebner*, 22 Wis. 632; *Spruhen v. Stout*, 52 id. 523; *Cooper v. Cleghorn*, 50 id. 113. Its right to a lien cannot be defeated by the failure of the defendants to incorporate the materials in the building. *Howes v. Reliance Wire-Works Co.* 46 Minn. 44; *Charnley v. Honig*, 74 Wis. 163; *John Paul L. Co. v. Hormel*, 61 Minn. 303. The plaintiff's contract was incomplete until it furnished the new glass, and notice was in due time given within sixty days from that date. Boisot, Mechanic's Liens, § 476; *Fowler v. Bailley*, 14 Wis. 125; *Scheible v. Schickler*, 63 Minn. 471; *Worthen v. Cleaveland*, 129 Mass. 570; *McKelvey v. Jarvis, Halpin & Co.* 87 Pa. St. 414; *McIntyre v. Trautner*, 63 Cal. 429; *St. Louis Nat. Stock Yards v. O'Reilley*, 85 Ill. 546; *Odd Fellows' Hall v. Masser*, 24 Pa. St. 507.

PINNEY, J. The statute (sec. 3315, R. S.) provides: "Every person who, as subcontractor of a principal contractor, performs any work or labor for or furnishes any materials to the principal contractor, . . . in any of the cases mentioned in the preceding section, shall be entitled to the lien and remedy given by this chapter, if, *within sixty days* after performing such work or labor or furnishing such materials, he shall give notice in writing to the owner, or his agent, of the property to be affected by such lien, setting forth," etc.

The plate glass which the plaintiff furnished under its contract with Gross, the contractor, was delivered to him,

and used in the building, October 11, 1895. Had the glass been suitable, and in compliance with the plaintiff's contract, it does not admit of any doubt but that the plaintiff's time within which to give notice of its claim of lien therefor would have expired sixty days thereafter, or as early as December 11th. It did not give the necessary notice until January 11th next thereafter. In the meantime the defendant had settled with and paid Gross, the contractor, and Gross had made an assignment for the benefit of his creditors. The want of timely notice to the defendant *Trane* is a fatal objection to the plaintiff's case. The statute giving the remedy sought by the plaintiff as subcontractor is, at best, a harsh one, and parties invoking it are bound to bring themselves strictly within its provisions. It is clear that the glass was defective and not in compliance with the contract. This is really conceded by the plaintiff's shipment to the contractor, Gross, at La Crosse, of two new plates to supply the place of those which were defective. These plates were never delivered to or accepted by *Trane*, the owner, and they were never wrought or put into the building. The claim that the delivery of the two substitute plates for the defective ones shipped to Gross, the contractor, at La Crosse, and which arrived there December 18, 1895, makes that *the last date* upon which the plaintiff furnished said materials, is wholly untenable. Work done or materials furnished within six months prior to the filing of a mechanic's lien to compensate for defective performance of a building contract completed more than six months prior will not extend the time and preserve the right to file such lien. *Harrison Homœopathic Asso.* 134 Pa. St. 558. In *Kennebec Framing Co. v. Pickering,* 142 Mass. 80, where a person furnished lumber at a certain price per 1,000 feet, at different times, under an entire contract in the erection of a building, it was held that he lost his lien if he neglected to file his statement of the amount due him within thirty days after the last

item was furnished which was actually used in the erection of the building. The last glass actually used in the building in the present case was furnished more than sixty days before the plaintiff gave notice of its claim of lien. *Gale v. Blaikie,* 129 Mass. 206.

It does not appear that there is any ground for claiming that the objections made to the two plates, as defective, were made by collusion between *Trane,* the owner, and Gross, the contractor, or that the settlement with and payment to Gross were made collusively or with intent to defeat the plaintiff's claim for a lien. The objection of want of timely notice of the plaintiff's claim is decisive of his right to recover.

The judgment of the circuit court must be reversed, and the cause remanded with directions to dismiss the plaintiff's complaint.

*By the Court.*— Ordered accordingly.