SIEBRECHT, Respondent, vs. HOGAN, imp., Appellant.

*April 13 — May 3, 1898.*

*Mechanic's lien: Lien of subcontractor: Jury trial: Special verdict: Burden of proof.*

1. The statutory right to a jury trial in an action to enforce a mechanic's or materialman's lien, under sec. 3323, R. S. 1878, is conditional upon a demand being made therefor at or before the time of the commencement of the trial, specifying the particular issue or issues of fact upon which a verdict is required; a failure to make such demand constitutes a waiver of the statutory right. A subsequent submission of issues on the request of either party, against the objection of the other, the same as if the demand, with proper specification of the issues, was made at the proper time, is reversible error.

2. A subcontractor's lien cannot, to the prejudice of the proprietor, be extended so as to cover for work not included in the principal contract as originally drawn or subsequently modified, or to damages for mistakes or negligence of the principal contractor, or breaches of contract on his part.

3. The subcontractor's authority to bind the proprietor's property is referable always to the principal contract. To that extent, but no further, the proprietor is deemed, by force of the statute, to authorize the principal contractor to bind such proprietor's property under the lien laws. That authority does not extend to any claim that is not lienable between the principal contractor and the proprietor.

4. Where a special verdict is required, if any instructions are given as to where the burden of proof rests, the jury should be so informed that they will understand the subject as to each material fact in issue. A general instruction that the burden of proof is where the weight is, and that the general rule that the burden of proof is on the plaintiff does not apply, *held* to be error.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

Action to enforce a subcontractor's lien under ch. 143, R. S. 1878, and ch. 312, Laws of 1885, and the acts amend-

Siebrecht vs. Hogan.

atory thereof. The complaint is in the usual form. It sets forth in substance, among other things, that defendant Gross was the principal contractor and defendant *Hogan* the proprietor; that the contract covered the construction of a store building and spice mill on lands described; that plaintiff, as subcontractor, furnished work, labor, and material in the construction of such store building to the amount of $2,840, and such spice mill to the amount of $600, and additional work, labor, and material, outside of the subcontract, to the amount of $702.59 in the construction of both buildings. The balance claimed to be due was $1,367.29. Defendant *Hogan* answered, among other things, by admitting that he was the proprietor and Gross the principal contractor; that plaintiff, as subcontractor under Gross, furnished work, labor, and material in the construction of the store building to the amount of $2,500, and of the spice mill to the amount of $500, at the contract price, and furnished other work, labor, and material in such construction to the amount of $161.28, as settled and agreed upon between the parties. The answer further alleged that, before the commencement of the action, all the transactions between plaintiff and Gross were settled and the amount due agreed upon at $574.73, and that $444.82 was paid to plaintiff after such settlement.

At the commencement of the trial a jury was impaneled, but there was no demand by either party, at that time, for the submission of any specific issue or issues to be decided by such jury. At the close of the evidence, defendant's attorneys objected to the submission of any question to the jury under the statute making the verdict conclusive, because no demand was made therefor at the commencement of the trial. The court decided to allow plaintiff's request for a jury trial the same as if a demand were made therefor at the proper time. Thereupon plaintiff's counsel submitted questions, and defendant's counsel suggested others, where-

upon the court prepared a form for a special verdict, covering the suggestions of both sides.    The jury determined the issues covered by such special questions, as follows:

(1) The contract price for the main building was $2,500, and for the spice mill $500.

(2) Plaintiff performed extra work and labor for Gross to the value of $600.

(3) Plaintiff and Gross did not settle their accounts and agree upon $574.73 as the balance due plaintiff.

(4) Defendant Gross paid plaintiff upon account of the buildings, prior to the commencement of this action, $2,775.30, and afterwards $371.21, excluding Fuller amount.

(5) Plaintiff performed extra work in removing brick and mortar of the old wall, to the amount of $150; and in removing frozen earth in excavating the cellar, to the amount of $220; also in changing concrete in the basement to the value of $61.

The court filed findings and conclusions of law, adopting the findings of the jury so far as they covered the case. Judgment was entered accordingly in plaintiff's favor, from which defendant *Hogan* appealed, assigning errors on exceptions to the judge's charge to the jury, on the submission of questions to the jury, on the admission of evidence as to damages caused to plaintiff by the negligence of defendant Gross, and breaches of contract on his part, and as to extra work outside of the contract between *Hogan* and Gross; also errors on exceptions to the findings of the trial court covering the same subject.

For the appellant there was a brief by *Higbee & Bunge,* and oral argument by *E. C. Higbee.*

For the respondent there was a brief by *Bleekman, Bloomingdale & Bergh,* and oral argument by *F. H. Bloomingdale* and *Martin Bergh.*    They argued, *inter alia,* that there was no positive rule of statute or practice as to when the issues to be submitted to the jury should be framed.    The practice

of submitting them at the close of the testimony seems to·
have been usually adopted by the courts of this state. *Mor-
itz v. Larsen,* 70 Wis. 569; *Bentley v. Davidson,* 74 id. 420;
*Stiles v. Neillsville M. Co.* 87 id. 266; *Conover v. Knight,* 91
id. 569. As a matter of fact, all the questions of fact which
either party wished to have tried by jury were so tried, and,.
even though it might have been better practice, the failure·
to submit the issues at the commencement of the trial was·
a mere irregularity, which should be disregarded on appeal.
S. & B. Ann. Stats. sec. 2829; *Soenksen v. Weyhausen,* 32·
Wis. 521; *Cameron v. White,* 74 id. 425, 427. The items of·
plaintiff's claim objected to were for work for which he is·
entitled to compensation, and to a lien under sec. 3315, S. &
B. Ann. Stats. *Mallory v. La Crosse Abattoir Co.* 80 Wis..
170.

MARSHALL, J. The errors assigned and argued on this ap-
peal, that require special mention, may be stated as, (1) grant--
ing plaintiff's request to submit issues to the jury, though
such request was not made till the close of the evidence;.
(2) allowing a subcontractor's lien for damages caused by the
principal contractor's negligence and breaches of contract,
and for extra work not authorized by the principal contract;.
(3) erroneous instructions in regard to the burden of proof..
Such alleged errors will be considered in their order.

1. Actions to enforce mechanics' and materialmen's liens,
under the law of this state as it existed at the time of the
trial, are suits in equity, with the added feature, under sec.
3323, R. S. 1878, giving to either party, on demand there-
for, the right to have any issue of fact involved submitted.
to a jury, whose verdict shall be conclusive. That section
clearly contemplates that the demand for a jury shall be·
made before the commencement of the trial and that it shall
specify the particular issue or issues to be submitted, to the·
end that proper questions, in the form of a special verdict,.

may be drawn accordingly. Compliance with that require-
ment was a condition precedent to the right to a verdict of
a jury, as in an action at law. *Charles Baumbach Co. v.
Laube, ante,* p. 171. It follows that when plaintiff requested
the submission of issues to the jury in this case, it was too
late; he was not entitled thereto, and the court had no power
to grant it against defendant's objection.

2. There were some exceptions to rulings on objections to
evidence, to instructions to the jury, and to findings and
conclusions filed by the trial judge, all of which turn on
whether a subcontractor is entitled to recover for work,
labor, and material not authorized by the principal contract,
or for damages suffered by the subcontractor through the
negligence and breaches of contract of the principal con-
tractor. The trial court proceeded on the theory that the
right of the subcontractor to a lien included charges for all
work, labor, and material furnished to the principal con-
tractor, without regard to the principal contract, and all
damages to such subcontractor by reason of negligence of
the principal contractor or breach of contract on his part.
In regard to the questions covering extra work, the court
instructed the jury, in effect, that it included all work done
by plaintiff for defendant Gross outside of their contract,
without regard to the contract between Gross and *Hogan.*
Sec. 3315, R. S. 1878, as amended, upon which the right to
the lien is based, provides that every person who, as subcon-
tractor of a principal contractor, or employee of any con-
tractor or subcontractor, performs any work or labor for, or
furnishes any material to, a subcontractor, in or about the
erection, construction, repair, or protection of any dwelling
house or other building, shall be entitled to a lien thereon
by complying with the provisions of such section. Mani-
festly, such right of lien is confined to work, labor, and ma-
terial required by the principal contract. To that extent,
by force of the statute, the owner makes the principal con-

tractor his agent to bind his property, but no further. The subcontractor's right, at every point, is referable to the principal contract as originally made or subsequently modified. That forms the basis for all operations, hence, as to everything outside of it, for which the principal contractor would not be entitled to a lien against the owner, the subcontractor cannot acquire a lien to the prejudice of such owner, whatever his rights may be against the principal contractor personally. That is the clear intent of the statute. The whole theory of it is that the owner consents to what is required to carry out the principal contract, and makes his property liable therefor in accordance with the statue, which is made a part of the contract, the same as if actually embodied in it. But if the subcontractor, by mistakes, increases the cost of the building to him, or by reason of negligence or breaches of contract with a subcontractor in the second degree, increases such cost, that cannot be said to have been contemplated by the owner and consented to by him, hence his property cannot be charged therewith to his prejudice, for it is only work, labor, and material furnished by the subcontractor, required by the principal contract, that constitute lienable claims in favor of such subcontractor, under the statute.

We do not feel called upon to cite authorities to support this construction of the statute, because its meaning in that regard is considered to be without reasonable question; but see Jones, Liens, § 1300; *Tabor v. Armstrong*, 9 Colo. 285.

It follows from what has preceded that, whether the alleged extra work and material were included in the original contract between plaintiff and Gross, was not the sole test of whether the same was allowable as against the appellant, *Hogan*. There was the further test of whether the claim therefor was lienable according to the contract between *Hogan* and Gross, either originally or as subsequently modified. That many of the items of such extra work and ma-

terial were not so lienable is evident, and as to whether other items were authorized by *Hogan*, under the terms of the principal contract, so as to be binding upon him, the proof is by no means satisfactory.

A subcontractor cannot make any agreement or incur any liability, not authorized by the principal contract, to the prejudice of the owner. *McCrary Bros. v. Bristol B. & T. Co.* 97 Tenn. 469. The contract between *Hogan* and Gross provided specifically for the manner of ordering extras as between them. Gross could not order any so as to bind appellant's property, other than by following such contract, unless the provisions in that regard were waived by appellant. The case on this subject does not appear to be covered by the evidence. So we are unable to determine the facts in accordance with the law as here laid down, and direct the proper judgment to be entered.

The $220 found by the jury for extra work in removing frozen dirt from the cellar, made necessary by the breach of contract or negligence of Gross, the $10 included, as appears from the evidence, for rebuilding a wall made necessary by the negligence of plumbers, the $15 for recutting jambs, and some other items caused by the negligence or mistakes of Gross or those employed by him, were clearly not proper charges against the appellant's property. It appears from the evidence that the principal contract required Gross to remove a brick wall which was located on the premises; that he tipped such wall into the excavation plaintiff was making for the cellar, and that plaintiff then removed the débris. Whatever was the reasonable cost of removing the wall, as contemplated by the principal contract, may be properly considered as included in the charge made for removing the material of which the wall was composed after it was thrown by Gross into the excavation, but the balance of the plaintiff's claim for removing such material cannot be considered as any part of the work contracted for by the

Siebrecht vs. Hogan.

appellant, and the same is therefore not chargeable to his property to his prejudice.

On a new trial the court can readily determine the facts with proper regard to the legal principles involved, and it is considered best to award a new trial for that purpose. All charges for damages for negligence on the part of the contractor Gross, or to remedy his mistakes and the mistakes or negligence of his employees, and all work, labor, and material not authorized by the contract between him and the appellant, as originally drawn or thereafter modified, all charges for work done for any other contractor than Gross, must be excluded from the amount chargeable to appellant's property in this action.

3. The charge of the learned court on the subject of the burden of proof is subject to some criticism. He said: "It is difficult to determine what the law is in regard to the burden of proof. The burden of proof is where the weight is. ` The general instruction concerning the burden of proof, that it is upon the plaintiff, is not applicable to this case." It needs no discussion to show the prejudicial and misleading character of such language. The burden of proof is not synonymous with the weight of evidence. It is always on the party plaintiff affirming the existence of a fact in issue, where that fact is essential to his recovery. The weight of evidence may be in favor of one side of a controversy and the burden of proof on the other. If the true meaning of the learned court is that the general instruction ordinarily given, that the burden of proof is on the plaintiff, is not necessarily applicable where a special verdict is submitted, he was right, but we are unable to say that the jury so understood the court's instruction. No other instruction was given on the subject, and the jury may have understood that the burden of proof was not on the plaintiff to establish the existence of the facts in issue covered by the special verdict, which were essential to his right to recover. What

the court should have done, if anything, by way of instruct-
ing the jury on the subject under discussion, was to instruct
them as to which side the burden of proof lay as to each of
the issues covered by the special questions.

*By the Court.*— The judgment of the circuit court is re-
versed, and the cause remanded for a new trial.