FRANCIS & NYGREN FOUNDRY COMPANY, Respondent, vs. KING KNOB COAL COMPANY and another, imp., Appellants.

*April 7—April 26, 1910.*

*Lien of subcontractor: "Furnishing" of materials.*

Mere delivery of materials by a subcontractor to the principal contractor, where such materials neither enter into the structure for which they were intended nor reach the premises or the control of the owner of the structure, does not constitute such a furnishing of the materials as entitles the subcontractor to a lien under sec. 3315, Stats. (1898).

APPEALS from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.    *Reversed.*

Defendant *King Knob Coal Company,* under a verbal contract for a lease with a railway company, contracted with the Hoisting & Conveying Machinery Company to construct and place upon certain land of the *Chicago, Milwaukee & St. Paul Railway Company* at Milwaukee coal-handling machinery to the extent of about $95,000, which by the contract of lease was not to become a part of the realty, but to be removable at

pleasure by the coal company. The machinery company, principal contractor, ordered a considerable amount of castings from the plaintiff, some if not all of which were intended for the machinery so contracted for. Plaintiff furnished such castings from time to time to the machinery company at its place of business in Chicago, whence the machinery company transported the same to Milwaukee. The last articles supplied by the plaintiff which actually reached the premises were delivered October 14, 1905, but on October 26, 1905, the plaintiff delivered at the place of business of the machinery company in Chicago one gear wheel of value about $13, intended for use in the construction of said machinery. November 17, 1905, the machinery company became bankrupt, and at some time thereafter the receiver in bankruptcy, having taken possession of all its property, sold this gear wheel to a stranger. Ultimately the coal company purchased it from such third person and used it in completing the machinery left incomplete by the machinery company. On December 21st the plaintiff gave its notice of claim for subcontractor's lien, alleging the delivery of said gear wheel as the last charge.

The trial court, finding substantially the above facts, held that such delivery was a sufficient furnishing to the owner to bring it within the statute and thus to render the notice valid and effective as within sixty days from that date. It accordingly rendered judgment for allowance of plaintiff's entire bill and for enforcement of subcontractor's lien both against the plant of the coal company and also against the land belonging to the railway company whereon it was situated, from which judgment the coal company and the railway company separately appeal.

*W. A. Walker, Jr.,* attorney, and *W. C. Quarles,* of counsel, for the appellant *King Knob Coal Company.*

*C. H. Van Alstine,* for the appellant *Chicago, Milwaukee & St. Paul Railway Company.*

For the respondent there was a brief by *H. T. Wilcoxson* and *Lynn S. Pease,* and oral argument by *Mr. Pease.*

Dodge, J. .The primary question is whether a subcontractor by merely delivering material to the contractor at his place of business which the latter never incorporates with the structure upon which the lien is claimed, nor even delivers to the premises or control of the owner of that structure, can be said to have furnished that material for, in, or about the construction of the machinery in the true sense of those words as used in sec. 3315, Stats. (1898). The expressions of every decision in this state are adverse to any such conclusion. It has been asserted or assumed from the earliest days that incorporation of the materials into the structure was an essential to a subcontractor's lien therefor. *Jessup v. Stone,* 13 Wis. 466, 471; *Heath v. Solles,* 73 Wis. 217, 220, 222, 40 N. W. 804; *Hall v. Banks,* 79 Wis. 229, 233, 48 N. W. 385; *Mallory v. La Crosse A. Co.* 80 Wis. 170, 175, 49 N. W. 1071; *Brown & H. Co. v. Trane,* 98 Wis. 1, 73 N. W. 561; *McAuliffe v. Jorgenson,* 107 Wis. 132, 134, 82 N. W. 706; *Rinzel v. Stumpf,* 116 Wis. 287, 290, 93 N. W. 36; *Laev L. Co. v. Auer,* 123 Wis. 178, 183, 101 N. W. 425; *Taylor v. Dall L. & Z. Co.* 131 Wis. 348, 355, 111 N. W. 490. It is true that the exact distinction was not presented for decision by the facts of any of the cases cited, so that the remarks in the decisions are in a degree *obiter,* but nevertheless they are significant of the view of the court as to proper construction of this lien statute, which construction is therefore confirmed by the many years of persistency without legislative attempt to modify it in this particular. In many other states having statutes with substantially equivalent language to our own there are numerous decisions upon the exact question, many of them declaring actual incorporation and annexation to the realty to be essential, though in some there is permitted as apparently equivalent delivery of the property into the con-

trol of the owner. *Simmons, G. & Co. v. Carrier,* 60 Mo. 581, 584; *Schulenberg v. Prairie Home Inst.* 65 Mo. 295; *Potter Mfg. Co. v. A. B. Meyer & Co.* 171 Ind. 513, 86 N. E. 837; *McConnell v. Hewes,* 50 W. Va. 33, 40 S. E. 436; *W. P. Fuller & Co. v. Ryan,* 44 Wash. 385, 87 Pac. 485; *Hill v. Bowers,* 45 Kan. 592, 26 Pac. 13; *Hunter v. Blanchard,* 18 Ill. 318. In the face of this array of judicial decision we find none either in this state or in states having equivalent statutes asserting the sufficiency of facts like those in the present case to constitute a "furnishing" so as to arouse a lien. True, this court has decided that in the case of a principal contractor the delivery on the premises of materials upon a contract with the owner that they should be used in the structure will entitle him to a lien therefor, although the owner sells them and uses others in their place. *Esslinger v. Huebner,* 22 Wis. 632. But the facts in that case radically distinguish it from the present. There the material was delivered into the control of the owner, and he by his own wrong prevented its incorporation into the building as intended and expected by the seller and as agreed to be done by such owner. The diversion from that purpose was in breach of the owner's own contract with the lien claimant. Here the owner had no means of protecting itself, and was in no way responsible for the nonuse of the material, and owed no contract duty to the plaintiff to apply it in construction of the machinery.

The intent of the legislature seems to be clearly indicated by the final sentence of sec. 3315, Stats. (1898), imposing penalty on a principal contractor who sells or misappropriates material delivered to him by a subcontractor without his consent and with intent to defraud the latter. Obviously, if such a delivery aroused the lien, the subcontractor could not be defrauded by the misappropriation of the material. The owner would be the sufferer and the person whose consent to diversion ought to control. *Simmons v. Carrier, supra,* holds such a provision conclusive of the legislative purpose. Fur-

ther, there are many considerations of probable wrong to the owner against which no reasonable diligence or watchfulness can guard him if mere delivery, without his knowledge, to the principal contractor may suffice to make him liable, many of which are pointed out in the decisions above cited; while the superior opportunities for the materialman by watchfulness and diligence to see to it that material which he knowingly sells for use upon certain premises shall at least reach those premises and their owner are so obvious that we are constrained to agreement, on reason, with the clear weight of authority as above set forth, and to hold on the facts here, where the material neither enters into the structure nor even reaches the control of the owner, that it is not such a furnishing as the statute intends and requires, and that therefore the material delivered on October 26th at the principal contractor's place of business in Chicago and by him or his receiver in bankruptcy sold away from the owner was not so furnished.   Hence the last charge for furnishing any lienable material was October 14th, and more than sixty days before any notice was given by the plaintiff to entitle it to a subcontractor's lien.

The conclusion is of course obvious, without discussing further objections urged by one or other of the appellants, that plaintiff is entitled to no lien either upon the machinery contracted for by the *King Knob Coal Company* or upon the land of the *Chicago, Milwaukee & St. Paul Railway Company* upon which such machinery was to be erected.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.