KELLEHER, Respondent, vs. REEDAL and wife, imp., Appellants.

*September 17—October 7, 1913.*

*Liens: Statutes construed: Right of subcontractor when principal contractor has none: Materials furnished for preparing land for use.*

1. As a general rule of construction, the right of a subcontractor to a lien will not be held to extend beyond the right given to the principal contractor, unless the statute expressly so provides.

2. A principal contractor being, by sec. 3314, Stats., given a lien for "work or labor" performed and for "materials" furnished in certain enumerated cases, the further provision in that section giving to such a contractor a lien for "manual labor" done on land "for the purpose of preparing such land for use as such" does not give a lien for materials furnished for the purpose so specified.

3. Sec. 3315, Stats., providing that a subcontractor who furnishes any material to a principal contractor "in any of the cases mentioned in the preceding section may have the lien and remedy given by this chapter" does not give to a subcontractor the right to a lien in cases where the principal contractor has no such right.

APPEAL from an order of the circuit court for Price county: G. N. RISJORD, Circuit Judge. *Reversed.*

Action by a subcontractor to recover for dynamite sold a principal contractor for use, and used by the latter, in clear-

ing land for defendants, and to enforce payment by a lien on the land. Defendants *Reedal* and wife demurred to the complaint for insufficiency. The demurrer was overruled and said defendants appealed.

The cause was submitted for the appellants on the brief of *W. K. Parkinson,* and for the respondent on that of *Barry & Barry.*

MARSHALL, J. It is conceded, as the fact is, that a claim for material furnished by a subcontractor to be used in preparing land for use, as such, is not lienable unless the written law so provides. So we must turn thereto for an answer to the question of whether the trial court erred in rendering judgment in plaintiff's favor.

The statute, sec. 3314, provides that

."Every person who, as principal contractor, does or causes or procures to be done any manual labor on land, for the purpose of preparing such land for use as such, shall have a like lien upon such land, subject to the same provisions and attaching to the same interests as the lien hereinbefore provided for." . . .

It will be seen, at a glance, that liens for the preparation of land "for use as such" are allowed within very narrow limits. The statute gives a lien for "work or labor" and for "material" in seven classes of cases, followed by the quoted language restricting liens in the particular class to labor, and to a particular kind of labor, to wit, "manual labor." We cannot escape the conclusion that the legislature, in making a claim for material lienable in numerous cases and restricting the statutory favor to "manual labor" in the particular class, so plainly did not intend to give a lien as broad in the latter as in the former, that no permissible scope of judicial construction would justify the court in going contrary thereto.

Counsel confidently point to the language of sec. 3315, ex-

tending the right to the lien remedy for work or material in any of the cases mentioned in sec. 3314, subject to specified conditions, to subcontractors, but it is hardly reasonable to suppose the legislature intended to give the right of a lien remedy to the latter in cases where the former has no such remedy. The general rule is that a subcontractor will not be held to have the special remedy, where there is no such favor for the principal contractor. That is a rule of construction. The legislature could provide otherwise, but it would be so out of harmony with equality in the treatment of creditors, that it would take pretty plain language to warrant holding that the legislature intended such a result. The court would rather read the contrary out of a statute by construction than otherwise, in case of there being obscurity fairly permitting it. In this case, it is considered that the words of sec. 3315 "in any of the cases mentioned in the preceding section" were intended to confer the right to a lien remedy on the subcontractor class within the limitations of the right granted to the principal contractor, that where the latter is favored with such a remedy as to material as well as work, the former should enjoy a like favor, and where, in one case, the remedy is restricted to manual labor it should be likewise restricted in the other. Generally speaking, unless otherwise provided by the written law, that the lien remedy given to a subcontractor is not to be held to extend beyond the right given to the principal contractor, unless so provided in such law, is quite elementary. *Siebrecht v. Hogan,* 99 Wis. 437, 75 N. W. 71; *Seeman v. Biemann,* 108 Wis. 365, 378, 84 N. W. 490. True, that is not to be so applied as to avoid the express words of a statute, as said in *Taylor v. Dall L. & Z. Co.* 131 Wis. 348, 111 N. W. 490, but where the written law in respect to the matter is open to construction by reason of obscurity, springing from uncertainty of literal sense or otherwise, to not extend, by construction, the lien remedy to sub-

contractors beyond the scope thereof to principal contractors, would seem to more certainly harmonize with the legislative will than one which does.

*By the Court.*—The order is reversed, and the cause remanded for further proceedings according to law.