W. H. PIPKORN COMPANY, Respondent, vs. TRATNIK and wife, Appellants, and others, Respondents.

*March 3—June 1, 1915.*

*Mechanics' liens: Subcontractors: Right to lien for materials: Improper use by principal contractor: Condemnation of building: Inchoate dower right.*

1. Where the principal contractor for the basement walls of a building purchased suitable materials from subcontractors, but constructed such walls therefrom in so improper and unsafe a manner that the walls were condemned by the building inspector and had to be torn out, the subcontractors were nevertheless entitled to liens under sec. 3315, Stats. *Houlahan v. Clark*, 110 Wis. 43, distinguished.

2. The principal contractor was in such case the agent of the owner and acted within the scope of his authority in purchasing the materials, and his default in improperly using them—even though it might deprive him of the right to enforce a lien—did not affect the rights of the subcontractors in that respect any more than if the owner himself had improperly used such materials.

3. The mechanic's lien statute does not authorize the cutting off of the inchoate dower right of the wife of the owner of the premises, where she did not know of or consent to the making of the improvements thereon.

KERWIN and SIEBECKER, JJ., dissent.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed as to one appellant; reversed as to the other.*

Plaintiff brought this action as a subcontractor of the defendant Granite Sidewalk Company to enforce a claim for mechanic's lien against the defendants *Joseph* and *Mary Tratnik.* The complaint alleged that the Granite Sidewalk Company was a principal contractor employed by the defendant *Joseph Tratnik* for the construction of the walls of the basement and other cement and concrete work on a certain building to be erected upon the property of the defendant *Tratnik;* that plaintiff as a subcontractor of the Granite Sidewalk Company furnished building materials to be used in the construction of said walls and building; and that there was still due the plaintiff from said defendant the sum of $284.83. The other defendants, *Lake Shore Stone Company, Arthur J. Reiske, Sands Lumber Company,* and *P. J. Lavies & Company,* subcontractors and materialmen, served cross-complaints for their respective claims to enforce same under the mechanic's lien statute.

The answer of the defendants *Tratnik* alleged, among other things, that the work done in the construction of said walls by the Granite Sidewalk Company was performed in such an unsatisfactory, improper, and unsafe manner that it was condemned by the building inspector of the city of Milwaukee and was never accepted by the defendants *Tratnik* or by the architect and superintendent of said building, to whose satisfaction, under the terms of the contract, the work was to be performed; that numerous notices were served upon the Granite Sidewalk Company requesting them to perform the work in compliance with the terms of the contract and that it failed, neglected, and refused to do so; and that the defendants were obliged to have the entire work torn down and removed and to have said walls and other work provided for in the contract reconstructed at a cost of $1,950.

Judgment was entered in favor of the plaintiff, adjudging a subcontractor's lien against the property of the defendants *Joseph* and *Mary Tratnik,* and in favor of the various other subcontractors named as defendants herein for the amounts claimed by them for materials furnished. From such judgment this appeal is taken.

For the appellants there was a brief by *Doerfler, Green & Bender,* and oral argument by *Christian Doerfler.*

For the respondents there was a brief by *Lorenz & Lorenz,* attorneys for *Sands Lumber Company, A. J. Reiske,* and *P. J. Lavies & Company,* by *Otjen & Otjen,* attorneys for *Lake Shore Stone Company,* by *James T. Drought,* attorney for *W. H. Pipkorn Company,* and by *Ira S. Lorenz,* of counsel; and the cause was argued orally by *Mr. Drought.*

The following opinions were filed April 13, 1915:

BARNES, J. It is not improbable that the owner of the premises involved and the subcontractors are innocent of any wrong. If so, one or the other must suffer for the default of the principal contractor, and the question is, which? The owner could have protected himself in the first instance by dealing with a responsible party or else by requiring an adequate bond. But there were also means open to the subcontractors to protect themselves.

The relation between owner, principal contractor, and subcontractor has been pretty well settled by this court. The principal contractor is the agent of the owner to purchase the materials required by the principal contract. The owner consents that the principal contractor may do what is necessary to carry out the principal contract and makes his property liable therefor in accordance with the statute, which becomes a part of the contract. *Siebrecht v. Hogan,* 99 Wis. 437, 441, 75 N. W. 71; *Taylor v. Dall L. & Z. Co.* 131 Wis. 348, 111 N. W. 490.

The materials here furnished by the subcontractors con-

sisted of crushed stone, lumber for falsework in basement
walls, gravel, cement, and flue linings for chimneys, and elbows.
and galvanized iron.    There is no claim that the material was.
not such as the principal contract called for and as the prin-
cipal contractor was required to furnish under his contract.
The court expressly found that the materials furnished by
the subcontractors were of a merchantable quality and in ac-
cordance with the contract entered into between the owner
and the principal contractor.    The court further found that.
the necessity for tearing out the walls was due to improper
method of construction and not because of the material used.
being defective.

As far as the rights of the subcontractors are concerned, it;
can make no difference whether the owner himself contracted
for the materials or his duly authorized agent did so.    The
owner is responsible for the authorized acts of his agent, the
principal contractor, to the same extent that he would be lia-
ble had he done the acts himself.

The real question, therefore, is: Would the subcontractors.
have a lien if the material had been purchased by the owner
and had been wrought into the walls by the servants or con-
tractors of the owner, but by reason of poor workmanship the
walls had to be removed and the material destroyed?    This.
court has held that, where a principal contractor delivers ma-
terial on the ground to be used in the erection of a building,
he is entitled to a lien although the owner sells the material
and it is used elsewhere.    *Esslinger v. Huebner,* 22 Wis. 632.
It is so ruled in *Fitzgerald v. Walsh,* 107 Wis. 92, 98, 82 N.
W. 717, and in *Spruhen v. Stout,* 52 Wis. 517, 9 N. W. 277,
and these cases are approved in *Francis & N. F. Co. v. King*
*Knob C. Co.* 142 Wis. 619, 622, 126 N. W. 39.    The de-
struction of the material delivered was no more complete in
the instant case than it was in *Halsey v. Waukesha Springs*
*S. Co.* 125 Wis. 311, 104 N. W. 94, where the building was.
destroyed by fire and where it was held that the right of lien

existed for the burned material. As the court there points out, a mechanic's lien may fasten on land before any building or structure exists thereon, and, if so, "it may persist after any such structure disappears."

In *Fitzgerald v. Walsh, supra,* an architect was allowed a lien on the land on which a building was to be erected, although the construction was abandoned after the excavation was made.

It has also been held that the fact that the principal contractor has not complied with the conditions of his contract so as to enable him to enforce a lien on the building will not militate against the subcontractor enforcing such a lien if the subject of the subcontractor's lien might in any event be lienable in favor of the principal contractor. *Seeman v. Biemann,* 108 Wis. 365, 84 N. W. 490.

There is no conflict between the cases cited and *Houlahan v. Clark,* 110 Wis. 43, 85 N. W. 676. There the principal contractor was held not to be the agent of the owner because he did not build the kind of a structure which his contract called for nor at the place the contract called for. The contractor was acting without the scope of his authority in doing what he did, and his acts were therefore held not to be binding on his principal. Here the contractor was acting strictly within his authority in purchasing the materials which were delivered by the lien claimants. His default occurred in improperly using such materials. It seems clear that the materialmen are no more affected by the default of the owner's agent in this regard than they would be had the owner himself made the improper use of the materials. It is clear that had the owner himself purchased the material in question to be used in the basement walls, and it was so used by the contractor, a right of lien would attach to the land, although the construction, because of poor workmanship, became worthless. If so, we see no escape from the proposition that the same result would follow where the purchase of the

material was made by an agent acting within the scope of his authority in purchasing the material.

*Mary Tratnik* was evidently made a party defendant for the purpose of barring her inchoate right of dower. It was neither proven nor found that she knew the improvement in question was being made or that she consented thereto. We do not think the mechanic's lien statute was intended to reach an inchoate dower right and cut it off as a matter of course whenever the interest of the husband owner was cut off. If *Joseph Tratnik* should die before his wife, the judgment would bar her dower right in the property, provided it was sold to pay the lien claims. In this respect it is erroneous. Phillips, Mech. Liens (3d ed.) sec. 195.

*By the Court.*—Judgment affirmed as to *Joseph Tratnik* and reversed as to *Mary Tratnik,* and cause remanded for further proceedings according to law.

KERWIN, J. (*dissenting*). The facts are undisputed. The Granite Sidewalk Company, principal contractor, was employed by appellant *Joseph Tratnik* to construct basement walls of cement upon his property. The plaintiff furnished to the Granite Sidewalk Company, principal contractor, for such work, cement which was used by the principal contractor in a structure on the appellant's property, which afterwards, on account of improper construction, was condemned by the city inspector and ordered torn out, and was torn out and removed because not in compliance with the city ordinance or contract with the appellant.

The question presented is whether the plaintiff had a lien for material furnished to the principal contractor which was rendered valueless by the failure of the contractor to perform his contract, therefore did not become a part of the structure upon appellant's premises or add to its value and without any fault on the part of the appellant. The defendant Granite Sidewalk Company, principal contractor, violated its contract

with appellant and the ordinance of the city in erecting a structure on appellant's premises which was of no value and in violation of the city ordinance.

The question arises whether the appellant is liable for the material bought by the defendant Granite Sidewalk Company and destroyed. The subcontractor acquires no right of lien, where the material never became part of the structure, simply by delivery to the principal contractor. *Francis & N. F. Co. v. King Knob C. Co.* 142 Wis. 619, 621, 126 N. W. 39, and a long line of Wisconsin cases cited. It is well settled by the decisions of this court that the materialman in delivering material to the principal contractor acquires no greater right than the principal contractor. In *Seeman v. Biemann,* 108 Wis. 365 (84 N. W. 490), at page 378 this court said:

"The subcontractor's authority to bind the principal depends upon the right of his principal to do so under the same circumstances. To that extent only the proprietor is deemed by force of the statute to have authorized the principal contractor to indirectly bind his principal under the lien laws of the state."

The principal contractor binds the owner when acting within the scope of his authority and not otherwise. If the materialman sells material and delivers it to the original contractor and the original contractor fails to use the same in the structure, but uses it elsewhere, the materialman has no lien for the material so diverted. *Francis & N. F. Co. v. King Knob C. Co., supra.*

It is the duty of the principal contractor, in order to subject the owner's premises to a lien, to perform his contract and use the material so as to become a part of the structure contemplated by the contract between the owner and the principal contractor. *Francis & N. F. Co. v. King Knob C. Co., supra.* In order to secure the lien given the materialman by the statute it is necessary that the principal contractor com-

ply with his contract with the owner and make the material furnished a part of the structure and thereby add to its value. *Houlahan v. Clark,* 110 Wis. 43, 85 N. W. 676.

The right to a mechanic's lien given by the statute is based upon considerations of natural justice, namely, that one who has enhanced the value of property by attaching thereto his property or labor shall have a claim on such property for the value of such labor or material. This is the doctrine of the decisions of this court.

To secure a lien by the materialman the contractor must keep within the scope of his contract with the owner. *Houlahan v. Clark, supra.* This is admitted by respondent's counsel in their brief, where they say in referring to the claim made by appellant: "The proposition above stated merely means that the right of the subcontractor is restricted within the scope of the contract existing between the owner and the principal contractor." Where the contractor complies with his contract with the owner and erects a lawful structure upon the premises, the materialman has a lien for the material furnished and placed in such structure. But where the contractor erects an unlawful structure—a nuisance—contrary to his contract with the owner and in violation of the city ordinance, in consequence of which it is ordered abated and removed and is abated and removed, the materialman has no lien for the material used in such unlawful structure. This doctrine is in harmony with the Wisconsin decisions. *Siebrecht v. Hogan,* 99 Wis. 437, 75 N. W. 71; *Seeman v. Biemann,* 108 Wis. 365, 84 N. W. 490; *Houlahan v. Clark,* 110 Wis. 43, 85 N. W. 676; *Taylor v. Dall L. & Z. Co.* 131 Wis. 348, 355, 111 N. W. 490; *Francis & N. F. Co. v. King Knob C. Co.* 142 Wis. 619, 126 N. W. 39; *Barker & S. L. Co. v. Marathon P. M. Co.* 146 Wis. 12, 130 N. W. 866; *Moritz v. Sands L. Co.* 158 Wis. 49, 146 N. W. 1120.

In all Wisconsin cases the basis of the lien is that the material is consumed in the structure and increases the value of

the premises. Of course a well known exception to the above rule is where the owner wrongfully diverts the material from the structure for which it is furnished. In *Barker & S. L. Co. v. Marathon P. M. Co., supra,* this court said:

"Another principle is that, if material be furnished to the owner for use in the construction of a building and the construction be actually commenced, the materialman is entitled to his lien even though the owner does not use the materials at all, but disposes of them elsewhere. . . . But if a subcontractor delivers material to the principal contractor at the latter's place of business, which materials are neither incorporated into the structure, delivered upon the premises, nor placed under control of the owner of the structure, no lien arises, because the material cannot be said to have been furnished for, in, or about the erection of the structure."

In the majority opinion the court relies upon *Fitzgerald v. Walsh,* 107 Wis. 92, 82 N. W. 717, and *Halsey v. Waukesha Springs S. Co.* 125 Wis. 311, 104 N. W. 94. In the former case it was held that an architect's lien attached as soon as the excavation of the building commenced; and in the latter the building was partially constructed when destroyed by fire. These cases are not in point here. In the former case the plans and specifications were drawn at the instance of the owner and subsequently some work was done on the premises in pursuance of the contract, and by reason of the acts of the owner the building was not completed. In the latter case the principal contractor was prevented from completing the building because of destruction by fire. All that was done up to the time of the fire was regular in pursuance of the contract with the owner, and of course the lien attached as soon as the material entered into the structure.

The majority opinion holds that the liability is the same here as if the owner had purchased the material for the building and it had been diverted or converted by him. If the owner diverted or converted the material, the materialman clearly would have a lien. But that is a very different thing

from a diversion or conversion by a contractor who had no authority to do so.    The cases cited in the majority opinion clearly show the distinction.    *Esslinger v. Huebner,* 22 Wis. 632; *Fitzgerald v. Walsh,* 107 Wis. 92, 82 N. W. 717; *Francis & N. F. Co. v. King Knob C. Co.* 142 Wis. 619, 126 N. W. 39.    Where the principal contractor purchases from the materialman he must use the material substantially in accordance with his contract with the owner.    *Houlahan v. Clark,* 110 Wis. 43, 85 N. W. 676; *Seeman v. Biemann,* 108 Wis. 365, 84 N. W. 490.

In the majority opinion, *Seeman v. Biemann, supra,* is relied upon on the point that compliance by the contractor with his contract with the owner is not necessary in order to enable the subcontractor to enforce a lien if the subject of the subcontractor's lien might in any event be lienable in favor of the principal contractor.    It is distinctly held in the above case that a subcontractor's lien cannot, to the prejudice of the proprietor of the building, be extended beyond the scope of the principal contract.    "The subcontractor's authority to bind the principal depends upon the right of his principal to do so under the same circumstances."    108 Wis. at p. 378.

Of course where the lien statute has been complied with and the contractor has performed his contract so as to make the material a part of the structure, and the subcontractor has served the notice required and has become entitled to a lien, then no act of the contractor can deprive him of the lien. This is the effect of the holding referred to in the majority opinion.    See *Seeman v. Biemann,* 108 Wis. 365; 377–379, 84 N. W. 490.

Respondents rely strongly upon a Minnesota decision.    It is unnecessary to go outside of Wisconsin for authority.    The statutes of Wisconsin and the decisions here control the case.

The equities are with the appellant.    The plaintiff furnished material for which he was entitled to a lien on compliance with the statute, and compliance by the contractor to

whom he furnished the same with his contract with appellant. The contractor disregarded his contract, and erected a nuisance upon the premises instead of a lawful structure. It was by lawful authority abated. If the lien is enforced the appellant is required to pay for the unlawful structure which added no value to the premises.

I cannot agree with the majority opinion, and think the judgment below should be reversed as to both appellants.

Justice Siebecker concurs in this dissent.

The appellant *Joseph Tratnik* moved for a rehearing.

In support of the motion there was a brief by *Doerfler, Green & Bender,* and in opposition thereto a brief by *James T. Drought,* attorney for *W. H. Pipkorn Company,* and *Henry H. Otjen,* attorney for *Lake Shore Stone Company.*

The motion was denied, with $25 costs, on June 1, 1915.